IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARKEL K LOKINSKI**<br>Plaintiff/ PETITIONER,<br><br>vs.<br>1. EXPERIAN INFORMATION SOLUTION, INC, COSTA MESA CALIFORNIA<br>2. EXPERIAN INFORMATION SOLUTIONS, INC, DALLAS TEXAS<br>3. SCOTT BROWN<br>4. ALEXANDER LINTNER<br><br>Defendant/ RESPONDENT. | CASE NO.<br>COMPLAINT: AMENDED<br>1. FAIR CREDIT REPORTING ACT VIOLATIONS<br>2. FRAUD<br>3. DEFAMATION OF CHARACTER,<br>4. SLANDER,<br>5. INTENTIONAL INFLICTION OF EMOTIONAL HARM AND DURESS,<br>6. MENTAL ANGUISH,<br>7. FRIVOLOUS AND MALICIOUS DATA COLLECTION / REPORTING RESULTING IN PECUINARY DAMAGE<br>8. ANY OTHER RELIEF THE COURT DEEMS ADEQUATE AND/OR NECESARY |

Case: 1:25−cv−12483
Assigned To : Ludington, Thomas L.
Referral Judge: Morris, Patricia T.
Assign. Date : 8/7/2025
Description: CMP LOKINSKI V. EXPERIAN INFORMATION SOLUTION, INC ET AL (NA)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

I. **The Parties to This Complaint**

   A. **The Plaintiff**

   Makel K Lokinski

   6141 Fairgrove Rd

   Fairgrove, Tuscola County

   Michigan 48733

   1-(989)-551-0982

   mlokinski21@gmail.com

   B. **The Defendant(s)**

   Defendant No. 1

   Experian Information Solutions, INC.

   Head quarters for U.S.A.

   475 Anton Blvd.

   Costa Mesa, Orange County

   California, 92626

   1-(714)-830-7000

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Defendant No. 2

    Experian Information Solutions, INC.

    Head Quarters For Texas

    701 Experian Pkwy.

    Allen, Collin County

    Texas, 75013

    1-(888)-397-3742

Defendant No. 4

    Scott Brown

    President of Defendant No. 1

    475 Anton Blvd

    Costa Mesa, Orange County

    California 92626

    1-(714)-830-7000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

Defendant No. 8

    Alexander Lintner

    President for Defendant No. 2

    475 Anton Blvd

    Costa Mesa, Orange County

    California 92626

    1-(714)-830-7000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

## II. COUNSEL FOR THE PARTIES

### C. THE PLAINTIFF

Markel K Lokinski

In Propia Persona Sui Juris

6141 Fairgrove Rd.

Fairgrove, MI 48733

1-(989)-551-0982

mlokinski21@gmail.com

### D. THE DEFENDANT(S)

Parker J Feldman (P86403)

Jones Day

150 W. Jefferson Ave., Ste. 2100

Detroit, MI 48226

1-(313)-230-7976

Pfeldman@jonesday.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

### III. REGISTERED AGENT FOR DEFENDANTS

The Corporation Company

Resident Agent for Defendant No. 1

40600 Ann Arbor Rd E., Ste. 201

Plymouth, Wayne County

Michigan 48170

1-(888)-724-9870


CT Corporation System

Registered Agent For Defendant No.2

1999 Bryan St., Ste. 900

Dallas, Dallas County

Texas 75201

1-(214)-979-1172

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

## LIST OF EVIDENCE ARTICLES

A. SUMMONS

B. PLAINTIFFS COMPLAINT FOR DISTRICT COURT

C. DEFENDANTS EXHIBIT A. AFFIDAVIT OF CLAIM SMALL CLAIMS

D. DEFENDANTS EXHIBIT B. DEMAND AND ORDER FOR REMOVAL SMALL CLAIMS

E. PLAINTIFFS DISPUTE LETTER TO DEFENDANT

F. PROOF OF SERVICE OF DISPUTE LETTER

G. PLAINTIFFS CFPB COMPLAINT

H. PROOFS OF SERVICE

I. DEFFENDANTS RESPONSE TO DISPUTE DATED JUNE 30, 2025

J. PLAINTIFFS RESPONSE FROM CAPITOL ONE

K. BUSINESS ENTITY SEARCH RESULTS

L. CREDIT REPORT DATED MARCH 7, 2025

M. CREDIT REPORT DATED JULY 31, 2025

N. DEFENDANTS RESPONSE DATED JUNE 30,2025

O. PLAINTIFFS RESPONSE FILIED JULY 9, 2025

P. PLAINTIFFS MOTION FOR SUMMARY JUDGEMENT AND HEARING DATE FILED JULY 17,2025

Q. DEFENDANTS RESPONSE TO MOTION FOR SUMMERY JUDGEMENT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

CREDIT REPORT DISPUTE FROM MARCH 12, 2025

## I. JURISDICTION AND VENUE

1. This is a civil action authorized by the **Fair Credit Reporting Act (FCRA)** to redress the systematic violations. The Court has jurisdiction under **28 USC § 1331 and 1332**. Plaintiff seeks declaratory relief pursuant to **28 USC 2201 and 2202**. Plaintiff's claims for injunctive relief are authorized by **15 USC 1681 (FCRA)**.

2. The **U.S.D.C of MICHIGAN** under **28 USC § 1331 (federal question) & 1332** because it is where the events giving rise to the claim occurred & the Defendants are from another Jurisdiction.

3. This venue has jurisdiction over FCRA claims under 15 USC 1681

## II. PLAITIFFS

4. Plaintiff/PETITIONER, MARKEL K. LOKINSKI, was at the time mentioned herein a consumer disputing the inaccurate, unverifiable, and/or outdated negative items on his credit report. However, even with the information inaccurate, unverified and/or outdated Lokinski's rights as a consumer are restricted. Lokinski is under continued intentional infliction of emotional harm and duress by DEFENDANTS / RESPONDENTS malicious and fraudulent actions and claims

8

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

### III. DEFENDANTS

5. Defendant/RESPONDANT(s)

   **EXPERIAN INFORMATION SOLUTION, INC, COSTA MESA CALIFORNIA**

   **EXPERIAN INFORMATION SOLUTIONS, INC, DALLAS TEXAS**

   **SCOTT BROWN PRESIDENT**

   **ALEXANDER LINTNER PRESIDENT/ DIRECTOR**

6. DEFENDANTS/ RESPONDENTS ARE legally responsible for the overall operations of the corporation(EXPERIAN INFORMATION SOLUTIONS) and each department ( DISPUTE DEPARTMENT) under its operations as a credit reporting agency, including the failure to independently investigate dispute, false claims of validation, failure to maintain reasonable procedures, failure to assure maximum accuracy, failure to comply with reporting format and data integrity, violations of FCRA, violations of CFB guidelines, and defamation of character, loss of wages, loss of reputation, and intentional infliction of emotional harm; duress to/of PETITIONER.

7. Defendant , is a credit reporting agency/ company, and is governed by the FCRA and 15 USC 1681 etc., etc.

8. Defendant, maintains a U.S. national head quarters in Costa Mesa, California, regional Headquarters in Allen, Texas, and operates a dispute center in Allen, Texas.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

9. Other Defendants are Presidents, Vice President, and/or Directors of the corporation and its regional locations.

10. Each defendant corporation is sued as a individual corporation.

11. Each defendant is sued in their individual and in his [or her] official capacity. At all times mentioned in this complaint each defendant acted under their personal and professional capacity, and foregoing actions violated the laws governing credit reporting under the **FCRA and 15 USC 1681 et seq.**

### IV.  FACTS

12. **TIMELINE**

    A. March 7, 2025 Lokinski pulled his credit report **(EXHIBIT L)**.

    B. March 12, 2025 Lokinski sent a dispute letter which indicated the accounts and information disputed, it also contained the relevant statutes and Acts **(FCRA AND 15 USC 1681). (EXHIBIT E)**

    C. March 17, 2025 dispute letter was delivered. **(EXHIBIT F)**

    D. April 19, 2025 Lokinski filed a complaint with the CFPB, it included the original dispute letter **(EXHIBIT E)** and the relevant statutes and acts **(FCRA AND 15 USC 1681). (EXHIBIT G)**

    E. May 1, 2025 Lokinski filed a Small Claims Action after no response from the March 12, 2025 dispute letter **(EXHIBIT C)**

    F. March 30, 2025 Lokinski filed a DEMAND AND ORDER FOR REMOVAL SMALL CLAIMS **(EXHIBIT D)**

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

G. March 30, 2025 filed an Amended complaint with the DEMAND AND ORDER FOR REMOVAL **(EXHIBIT B)**

H. June 3,2025 the DEMAND AND ORDER FOR REMOVAL was granted

I. June 17, 2025 Lokinski served Defendants with the listed documents as on the proof of service **(EXHIBIT H)**

J. June 30, 2025 Defendant By and through their counsel filed a appearance, Affidavit, and Motion for more definitive statement. **(Exhibit N)**

K. June 30, 2025 defendant not through or by counsel sent a dispute results letter **(EXHIBIT I)**

L. July 9, 2025 plaintiff filed a response to the defendants June 30, 2025 filing **(EXHIBIT O)**, response included **( EXHIBITS A, B, C, D, E, F, AND G).**

M. July 17, 2025 Plaintiff filed a Motion to Strike and Proceed to Summary Judgment with a hearing date set for August 11, 2025 at 10:00 AM **(EXHIBIT P)**

N. July 31, 2025 Plaintiff pulled another credit report **(EXHIBIT M)**

O. August 6, 2025 Plaintiff receive Defendants response to Motion to strike and for summary judgment **(EXHIBIT Q)**

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

P. The court will consider whether LOKINSKI has a claim; IF there is a FEDERAL QUESTION in regard to UNIFORMITY when credit disputes are conducted, but a claimants dispute is not answered and corrections are not made as required by **15 USC 1681 et seq.**

Q. The FCRA and **15 USC 1681** was violated when:
1. No written response was issued in response to the credit dispute.
2. No written response was issued in response to the CFPB complaint.
3. Failure to conduct a reasonable investigation.
4. Failure to conduct a independent investigation.
5. Failure to provide full disclosure of credit file.
6. Failure to correct disputed items.
7. Failure to maintain reasonable procedures to assure maximum accuracy.
8. Failure to comply with metro 2 format.
9. Failure to comply with CDIA standards.

P. The conduct of EXPERIAN as a corporation; make their view plain the laws are for the consumer, and those who insist upon or even simply request compliance are simply ignored or given a standard vague response. The approach comes from a pattern of behavior familiar to any

12

person who does not know the requirements set forth by the law, and (is) faced with the unfortunate standardized behavior of both furnishers and credit reporting agencies; and when one does try to apply or enforce change through the use of law the agencies: concede nothing, ignore rules whenever possible, and when all else fails, malign those that invoke them.

Q. The problem is integrity, as Americans: We find ourselves in the midst of a systemic problem in the consumer debt reporting system. Whereby, furnishers and reporting agencies are doing their job(s) the way it best serves them, not the consumer, society, or the law.

**FACTS**

Stripped of legal conclusion, LOKINSKIS Complaint alleges the following facts:

- Plaintiff/ PETITIONER MARKEL LOKINSKI is a citizen of the UNITED STATES, and COUNTY OF TUSCOLA; STATE OF MICHIGAN.
- Defendant(s) are credit reporting agencies, officers, and registered/ resident agents, and are tasked with oversight of company policy and operations.
- Lokinski wrote a dispute letter to the dispute department of EXPERIAN on March 12, 2025, and it went unanswered by Experian.
- Lokinski filed a CFPB complaint against EXPERIAN on April 19, 2025, and

13

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

it went unanswered by Experian.

- Lokinski filed a small claims action against the Defendant on May 30, 2025, it was scheduled for a hearing on July 2, 2025, after Defendants failed to respond to the dispute letter and provide full disclosure of any evidence to the reporting remaining whether changed or unchanged.
- Lokinski filed a demand for removal on May 30, 2025, after defendants failed to respond to the CFPB complaint.
- Lokinski filed a amended complaint on May 30, 2025.
- Lokinski received a letter from Defendants counsel dated June 30, 2025, it contained notice of appearance, a response, motion, and Exhibits.
- Lokinski responded on July 9, 2025 to the defendants response and motion.
- Lokinski filed a motion to strike and proceed to summary judgment on July 17, 2025, hearing was set for August 11, 2025 at 10:00AM.
- Lokinski receive a letter from Capitol One showing that they cannot validate the reported debt as required by law. **(EXHIBIT J)**
- Lokinski received a second letter from Capitol One stating they cannot locate the account. **(EXHIBIT J)**

14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

## V. LEGAL CLAIMS AND VIOLATIONS

13. Violation of all aforementioned and violations of FAIR CREDIT REPORTING ACT and 15 USC 1681 including but not limited to:

    - 15 USC § 1681
    - 15 USC § 1681(a)(1)
    - 15 USC § 1681i(a)
    - 15 USC § 1681e(b)

14. To establish a FCRA claim in a particular case, a Plaintiff must show (1) the a dispute was conducted (2) that a CFPB complaint was filed (3) that the defendant's willingly, maliciously, and neglegently violated the law (4) that the defendants actions did not conform to the law.

15. Lokinski has pleaded sufficient facts to show that he engaged in a lawful activity. Petitioning the defendants for redress for the violations and the harm committed by their unlawful actions.

16. Lokinski has also pleaded facts sufficient to reasonably infer the defendant's conduct cased him injury that would leave a person of ordinary firmness to not pursue the unjust actions.

17. Here, Lokinski has alleged that defendants did not respond as required by the law, FCRA requires a written response within thirty days of the dispute and that no response was given.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

18. Lokinski has proven that the defendants did not conduct a investigation independently but relied on the furnishers response. " A credit reporting agency may not rely on the [furnisher's] investigation. This is evident in the "dispute results" sent to the plaintiff. (see EXHIBIT I page 1, Capitol one, paragraph 1, sentence 2, and page 2, paragraph1, sentence 3), "we have previously processed this dispute and the credit grantor has verified its accuracy" and "We ask the furnisher or the vender to verify all the information regarding the item you disputed,". The agency has an obligation to conduct a reasonable investigation itself." Cushman v. Trans Union Corp., 115 F.3d 220 (3rd Cir. 1997). This is not a isolated incident, the CFPB has issued enforcement against this same entity, "for misleading consumers and failing to properly investigate disputes." CFPB v. Experian (2017) and "for failure to correct inaccurate data and deceptive practices." CFPB v.Equifax (2019).

19. The defendants will argue that if Lokinski has stated a retaliation claim against them, and that they are the ones protected by the FCRA and 15 USC 1681 et seq.

20. In determining whether they are protected from a claim first it must be determined if the defendants acted within the guidelines of the FCRA and 15 USC 1681et seq. as required.

21. As explained above Lokinski has alleged sufficient facts to establish a violation

16

of the FCRA has been violated by the defendants. Lokinski under the FCRA has a right to dispute information he believes to be incorrect.

## VI. REAL-WORLD HARM

22. Denied financing for mortgages, autos, personal loans, and business loans.

23. Higher interest rates on approved credit.

24. Reputational damage due to credit denials, and reported inaccuracies.

25. Emotional distress caused by intentional, unlawful, fraudulent, and malicious repeated claims of "verification".

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter a judgment granting plaintiff:

26. A order that defendant must immediately turn over the specific section of their liability insurance that covers them for these types of actions, pursuant to FRCP 26 (a) (1) (A) (iv).

27. A declaration that all disputed items as set forth in the dispute letter be removed or adjusted to show no negative reporting.

28. A preliminary and permanent injunction ordering defendants to provide full disclosure and validation in writing and by mail 30 days prior to reporting and no reporting may occur unless full disclosure and evidence has been provided.

29. A order barring defendants from reentering or altering the deleted and corrected items.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

30. A order for lifetime monthly full credit reports to be sent to plaintiff free of charge.

31. Compensatory damages for violations in the amount of $-66,000.00 + 18.99% Interest compounded daily from March 30, 2025 to present day.

32. Punitive damages in the amount of $-65,000,000.00 against each defendant.

33. Plaintiffs taxes to be paid separate for both amounts listed above and not deducted out of the amount awarded.

34. A jury trial on the punitive damages.

35. Plaintiffs cost in this suit to be paid by defendant.

36. Any additional relief this court or jury deems just, proper and equitable.

Signed and dated: *[signature]*  8-6-25

Respectfully submitted

MARKEL K. LOKINSKI